IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 19, 2003 Session

**BLAKE E. HALLUM v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 94-D-2286     J. Randall Wyatt, Jr., Judge**

_____

**No. M2003-00377-CCA-R3-CO - Filed February 6, 2004**
_____

Petitioner, Blake E. Hallum, appeals from the trial court's summary dismissal of his petition for writ of error coram nobis. After a review of the record and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

David A. Gold, Nashville, Tennessee, for the appellant, Blake E. Hallum.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Katrin Novak Miller, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

Petitioner was convicted, following a jury trial in the Davidson County Criminal Court, of felony murder and especially aggravated robbery. According to his petition for writ of error coram nobis, judgments on the convictions were entered in the trial court in January, 1996. He was convicted along with a co-defendant, Richard Bruce Halfacre. Each defendant appealed, and this Court affirmed the convictions as to both Petitioner and his co-defendant. *State v. Richard Bruce Halfacre and Blake Edward Hallum*, No. 01C01-9703-CR-00083, 1998 WL 754319, 1998 Tenn. Crim. App. LEXIS 1117 (Tenn. Crim. App. at Nashville, Oct. 29, 1998), *perm. to app. denied* (Tenn. 1999). Petitioner subsequently filed a timely petition for post-conviction relief. Following an evidentiary hearing, the petition was denied by the trial court. This Court affirmed. *Blake E. Hallum v. State*, No. M2001-00569-CCA-R3-PC, 2002 WL 1768993, 2002 Tenn. Crim. App. LEXIS 645 (Tenn. Crim. App. at Nashville, July 31, 2002), *perm. to app. denied* (Tenn. 2002).

In the direct appeal from the denial of his petition for post-conviction relief, Petitioner argued that he was entitled to relief based on the recantation of testimony from a key witness for the State in Petitioner's original trial. Petitioner asserted that the witness testified at his post-conviction hearing and contradicted her previous trial testimony, invoked her Fifth Amendment right against self-incrimination, and pleaded a lack of memory in response to questions about the truthfulness of her trial testimony. *Hallum*, 2002 WL 1768993, at *1. This witness, Sherry Hayes, gave highly incriminating testimony against Petitioner in his trial for felony murder and especially aggravated robbery charges. *See Halfacre*, 1998 WL 754319, at **1-2.

According to Petitioner's petition for writ of error coram nobis, Petitioner filed an affidavit of Ms. Hayes, dated December 30, 1999, prior to the post-conviction hearing. At the post-conviction hearing, Ms. Hayes recanted portions of her trial testimony, stating that she did not testify truthfully at Petitioner's trial when she said that Petitioner confessed to her that he had committed the offenses of felony murder and especially aggravated robbery. The post-conviction court stopped the proceedings, advised Ms. Hayes that she could be charged with perjury for her testimony at the original trial, allowed her to consult with an attorney, and recessed the post-conviction proceedings. When the trial court resumed the post-conviction proceedings, Ms. Hayes signed an affidavit dated January 17, 2001, in which she repudiated her previous affidavit. The trial court denied the petition for post-conviction relief, finding that Ms. Hayes had stated at the post-conviction hearing that her trial testimony was truthful. The Petitioner appealed to this Court and argued that Ms. Hayes did, in fact, indicate that her trial testimony was not truthful and, Petitioner argued, that his conviction was therefore void.

In the direct appeal from the trial court's denial of post-conviction relief, this Court held that the issue of whether or not Ms. Hayes had recanted her trial testimony, was not a proper basis upon which to grant post-conviction relief. *Hallum*, 2002 WL 1768993, at *3. We concluded that a claim based on recanted witness testimony is, in essence, a request to re-litigate the sufficiency of the evidence to support a conviction, and a post-conviction proceeding is not the appropriate form to litigate a sufficiency of evidence issue. *Id.* In a footnote, we noted that the appropriate method of presenting recanted testimony issues is by petition for writ of error coram nobis. This Court also noted that even though this procedure has a one-year statute of limitations, it may be tolled *when* certain due process concerns are implicated. *See Workman v. State*, 41 S.W.3d 100 (Tenn. 2001).

In his petition for writ of error coram nobis, Petitioner takes the position that this Court has already ruled that he is entitled to have the statute of limitations tolled in his case. The statute of limitations in a writ of error coram nobis proceeding begins to run when the final judgment is entered in the trial court. *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). As noted above, judgments in this case were entered in January, 1996. The petition for writ of error coram nobis was filed November 27, 2002, well beyond the statute of limitations.

The State filed a motion to dismiss, which the trial court granted in an order filed January 15, 2003. The trial court specifically found: (1) that Petitioner conceded his petition was filed outside

of the statute of limitations; and (2) the court found no evidence or factors in the record that would require a tolling of the applicable statute of limitations.

In this petition for writ of error coram nobis, Petitioner states that he had no knowledge of Ms. Hayes' first recantation of her trial testimony until December, 1999, approximately four years after the judgments of his convictions became final in the trial court, and approximately three years before he filed the present petition for writ of error coram nobis. Granted, during this time period, Petitioner filed a petition for post-conviction relief asserting his claim based on the recanted testimony, but he was also allowed to put on proof regarding the issue at an evidentiary hearing. In the opinion of this Court, it appears that the key witness, Ms. Hayes, "recanted" most, if not all, of her recantation of trial testimony, such that the trial court in the post-conviction proceedings made a finding that she had stated at the post-conviction hearing that her trial court testimony was truthful.

In *Workman*, our supreme court held for the first time that due process implications could toll the running of the statute of limitations in a writ of error coram nobis proceeding. 41 S.W.3d at 103. The Court noted that in making this determination, "we must consider the governmental interest involved and the private interest affected" by use of the statute of limitations to bar the proceedings. *Id*. As in *Workman*, the governmental interest in the case *sub judice* is the prevention of a stale and/or groundless claim. Petitioner argues that his interest is the opportunity to have a hearing on grounds which may show his actual innocence. *See State v. Ratliff*, 71 S.W.3d 291 (Tenn. Crim. App. 2001).

Even though it was presented erroneously in a post-conviction proceeding, Petitioner has had the opportunity to present his claim of recanted testimony. From this Court's opinion in the post-conviction case, it is clear that, at best for Petitioner, the key State witness, Ms. Hayes, became somewhat "fuzzy" on her recollection of the events surrounding the offenses after she had testified for the State at Petitioner's trial. In addition, the petition for writ of error coram nobis references Ms. Hayes' two affidavits, a portion of the post-conviction hearing transcript, and a copy of an indictment charging one of the investigating officers of this case with a crime, as exhibits to the petition. However, these exhibits were not attached to the petition, nor were they otherwise included in the record on appeal. If, in fact, these exhibits were presented to the trial court with the petition for writ of error coram nobis, it was the Petitioner's duty, through his counsel, to make sure that these documents were included in the record on appeal. If these exhibits were not filed with the original petition, then they could not, and should not, be considered by the trial court in determining whether due process implications would require tolling the statute of limitations.

Due to the circumstances of this case, based upon the record presented to us in this appeal, and this Court's prior opinions involving Petitioner's case, we determine that due process does not require tolling of the statute of limitations. More than a mere assertion of a right to due process is required in order to toll the statute of limitations as it relates to a petition for writ of error coram nobis. In essence, that is all that Petitioner has argued. Accordingly, Petitioner is not entitled to relief in this appeal.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE